# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

DeANDRE HOPSON                                                               PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:13-CV-226-H

CHARLIE CUNNINGHAM et al.                                 DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, DeAndre Hopson, filed a *pro se*, *in forma pauperis* complaint. This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues multiple Defendants: Charlie Cunningham; CPS Louisville; Judge Gerber; Carlyn Mari; Children's Government Attorney; Ruth Spencer; Benny Berry; Charles Hadgan; David Weinburg; Susan Gibson; Public Defenders Office (Don Rodgers); Louisville County Attorneys; Division 5 CPS Worker; and the Louisville Police Department. The complaint is lengthy, rambling, and difficult to follow. It appears to contain allegations that Defendant Mari fabricated documents to say that CPS issued a "no contact" order in 2009. He alleges that Judge Gerber "falsely tr[ied] to stage a false hearing," apparently involving an emergency protective order involving a domestic dispute. He alleges a vast conspiracy of all courts working together to imprison Plaintiff to "avoid Commonwealth from being charged of false medicare and medicaid acts. All people have family members in court position and power. Rackeetering using the courts as a interprise to control everyone as they put them on probation to control as human slaves."

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claims related to domestic relations*

Many of Plaintiff's claims relate to child custody proceedings and actions by Child Protective Services. Domestic relations law is governed by state law and state institutions.

Principles of federalism preclude federal court challenges to state-court orders in child custody and child support matters. *See*, *e.g.*, *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979); *Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) (federal action alleging constitutional infirmity in state parental-rights proceeding could not be maintained under 42 U.S.C. § 1983). If Plaintiff is dissatisfied with the ruling of a state court, he must either appeal those rulings in a timely manner or request that the court modify its ruling. Thus, Plaintiff's challenge to the state court's adjudications regarding Plaintiff's children and domestic situation must be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

*Whistle-blowing*

Although near the beginning of his complaint, Plaintiff writes, "Whistle Blowing Action," he does not cite to a specific statute, and there are several federal statutes prohibiting retaliation against whistleblowers. *See, e.g.* 5 U.S.C. § 1221 (Whistleblower Protection Act); 31 U.S.C. § 3730(h) (False Claims Act); 33 U.S.C. § 1367(a) (Federal Water Pollution Control Act); 42 U.S.C. § 7622 (Clean Air Act); among others. None of these statutes would apply to the facts alleged by Plaintiff. Any whistleblower claims will be dismissed.

*False Claims Act*

Plaintiff's complaint references the False Claims Act (FCA). The FCA is found at 31 U.S.C. § 3729, *et seq*. It "is an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003). Under the FCA, a private individual, known as a

3

relator, may bring suit alleging FCA violations on behalf of the government; such an action is known as a *qui tam* action. *Id.*; *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 342 n.5 (6th Cir. 2000) (noting that "the United States is the real-party-in-interest in FCA litigation").

However, *qui tam* actions cannot be brought by a *pro se* relator. Because "a *qui tam* relator . . . sues on behalf of the government and not himself[, h]e therefore must comply with the general rule prohibiting nonlawyers from representing other litigants." *United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006) (citation omitted); *see also Jones v. Jindal*, 409 F. App'x 356 (D.C. Cir. 2011) (per curiam); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92-94 (2nd Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *Rogers v. Sacramento Cnty.*, 293 F. App'x 466, 467 (9th Cir. 2008); *United States ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) (per curiam); *Brantley v. Title First Titling Agency*, No. 1:12-cv-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012); *Carter v. Washtenaw Cnty.*, No. 09–14994, 2010 WL 3222042, at *1 (E.D. Mich. Aug. 13, 2010).

Accordingly, because Plaintiff is proceeding *pro se* in this action, he is prohibited from bringing an FCA claim, and that claim will be dismissed.

*Remaining claims*

Plaintiff's complaint almost exclusively contains broad and conclusory allegations that are not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). These conclusions are not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556

4

U.S. 662, 679 (2009). Plaintiff's complaint is rambling, disjointed, implausible, and fails, as it is required to do, to contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Additionally, under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiff requested no relief in his complaint and, thus, fails to comply with the federal rules.

Finally, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Plaintiff's complaint meets this standard and will be dismissed on this basis as well.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's complaint.

Date:


cc: Plaintiff, *pro se*
4412.009